UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **LARRY GERLING,** | ) | |
| | ) | **JURY DEMAND** |
| **Plaintiff,** | ) | |
| | ) | **CAUSE NO: 3:14-cv-01196** |
| v. | ) | |
| | ) | **JUDGE: NIXON** |
| **VOLUNTEER EXPRESS, INC.,** | ) | |
| | ) | **MAGISTRATE JUDGE:** |
| **Defendant.** | ) | **BRYANT** |

## [~~PROPOSED~~] INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d), the following Initial Case Management Plan is adopted.

1.    JURISDICTION:

Plaintiff, Larry Gerling ("Gerling"), by counsel, brings this action against the Defendant, Volunteer Express, Inc. ("Defendant"), alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 et seq. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331 and 29 U.S.C. §2617(a). Jurisdiction is not disputed.

2.    PLAINTIFF'S THEORY OF THE CASE:

Gerling took FMLA qualifying leave on two occasions with the Defendant. Gerling contends that he was not restored to his proper position upon return from FMLA leave and that he was retaliated against for exercising his rights under the FMLA when he was terminated from his employment. Gerling believes he will be able to point to similarly-situated employees who engaged in the same or worse conduct that was the

purported reason for his termination. Those similarly-situated non-FMLA using employees have not been terminated.

        3.     DEFENDANT'S THEORY OF THE CASE:

Defendant denies that it retaliated against Plaintiff for taking FMLA leave or on any other basis, and further denies that it failed to restore Plaintiff to his job position as a truck driver each time he returned from FMLA leave. Plaintiff was terminated for legitimate, non-retaliatory reasons, including having multiple accidents.

        4.     IDENTIFICATION OF THE ISSUES:

The issues of jurisdiction and venue are resolved and the issues of liability and damages are still in dispute.

        5.     NEED FOR OTHER CLAIMS OR SPECIAL ISSUES UNDER RULES 13-15, 17-21, AND RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE:

The parties do not anticipate any need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure.

        6.     WITNESSES, IF KNOWN, SUBJECT TO SUPPLEMENTATION BY EACH PARTY:

The parties have not yet completely identified all witnesses in this matter and will provide witnesses in their Rule 26(a) disclosures.

        7.     INITIAL DISCLOSURES AND STAGING OF DISCOVERY:

The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before August 21, 2014.

The parties shall complete all written discovery and depose all fact witnesses on or before April 19, 2015.

The plaintiff shall identify and disclose all expert witnesses and expert reports required pursuant to Rule 26(a)(2) on or before January 19, 2015. The defendant shall identify and disclose all expert witnesses and reports required pursuant to Rule 26(a)(2) on or before February 19, 2015. Rebuttal experts, if any, shall be identified and disclosed (along with expert reports) on or before April 19, 2015.

The parties shall depose all expert witnesses on or before May 19, 2015.

Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge.

8.     DISPOSITIVE MOTIONS:

The parties shall file all dispositive motions on or before June 19, 2015. Responses to dispositive motions shall be filed within twenty-eight (28) days after the filing of the motion, on or before July 17, 2015. Optional replies may be filed within fourteen (14) days after the filing of the response, on or before July 31, 2015.   If dispositive motions are filed early, the response and reply dates are moved up accordingly.   The motion and response memoranda are limited to 25 pages and the reply, if a reply is filed, is limited to five pages, absent Court permission for longer pleading.

9.     OTHER DEADLINES:

The parties shall file all Motions to Amend on or before September 19, 2014.

10.     SUBSEQUENT CASE MANAGEMENT CONFERENCE:

A subsequent case management conference will be held by telephone on March 17, 2015, at 9:30 a.m.. The parties shall call 615-695-2857 to participate in the telephone conference.

11.    ALTERNATE DISPUTE RESOLUTION:

The parties have not made a determination at this time where they believe alternative dispute resolution is appropriate in this case.

12.    ELECTRONIC DISCOVERY:

The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case. The parties have taken reasonable measures to preserve potentially discoverable information. If ESI is a subject of discovery, it should be requested with as much specificity/particularity as possible to minimize the required expense. The parties have agreed that the scope of electronically stored discovery information shall be limited to relevant and discoverable emails (that are responsive to a Request for Production of Documents) and other electronic documents that are reasonably accessible, that such emails and all email attachments shall be produced in PDF, hard-copy or static form, thereby allowing documents produced to be indexed and individually marked through "bates" stamping. Consistent with Federal Rule of Civil Procedure 34(b)(iii), the parties will presumptively need not produce the same ESI in more than one form. The parties further have agreed that disclosure of metadata associated with emails produced in discovery will not be necessary and that disclosure of metadata associated with other particular electronic documents that have been produced in a static format will be negotiated on a case-by-case basis where good cause for disclosure of metadata or native files for particular documents has been demonstrated, e.g., when the original creation date of a document is at issue and disputed, or when a static image is not reasonably usable, e.g. when a .pdf image is unable to capture/display all column/information contained in a

spreadsheet such as an Excel file. Cost allocation will be negotiated at a future date should such allocation become necessary in the discretion of any party.

To the extent that e-discovery is unintentionally produced which discloses attorney-client privileged information or work product information, such production shall not constitute a waiver of the privilege or other protection. Within three (3) business days of receiving a written request to do so from the producing party, the receiving party shall return to the producing party any documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege or work product immunity and were inadvertently or mistakenly produced. The receiving party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information. The parties agree that no such documents produced may be used as evidence in this matter.

13.     TARGET TRIAL DATE:

This case will be a jury trial. The parties expect the trial to last approximately 3 days. The parties request a trial date no sooner than five months after dispositive motions have been fully briefed. A pretrial conference and jury trial date will be set by separate order.

It is so **ORDERED.**


s/ John S. Bryant
_____
John S. Bryant
United States Magistrate Judge

APPROVED FOR ENTRY:

/s/Kyle F. Biesecker
Kyle F. Biesecker, BPR No. 28872
Biesecker, Dutkanych & Macer, LLC
3200 West End Avenue, Suite 500
Nashville, TN 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com

Attorney for Plaintiff


/s/ Wendy V. Miller
Wendy V. Miller, BPR No. 23500
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: (615) 254.1900
Facsimile: (615) 254.1908
Email: wendy.miller@odnss.com

Attorney for Defendant